NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OMAR JIMENEZ MAGANA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-229

Agency No.
A205-319-814

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023[**]
Pasadena, California

Before: M. SMITH, HAMILTON,[***] and COLLINS, Circuit Judges.

Omar Jimenez Magana was born in Mexico in 1990 and entered the United

States in 2000 with his mother.  After they came to the United States, unknown

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David F. Hamilton, United States Circuit Judge for the
Court of Appeals for the Seventh Circuit, sitting by designation.

persons killed Magana's father in Mexico for unknown reasons. During removal proceedings, Magana applied for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (CAT). An Immigration Judge (IJ) denied all relief. The Board of Immigration Appeals (BIA) found no error in the IJ's decision and incorporated portions of that decision as its own.

We review the BIA's decision as well as the portions of the IJ's opinion that the BIA incorporated. *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We treat the BIA's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the BIA's determinations of law de novo. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020).

**Cancellation of Removal**

To qualify for cancellation of removal, an applicant must show, among other elements, that "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The IJ and BIA reviewed Magana's evidence asserting that his U.S.-citizen daughter needs his financial assistance and would suffer emotionally from their separation. The IJ found, and the BIA affirmed, that his evidence did not meet the high statutory

standard of "exceptional and extremely unusual hardship."  That was a discretionary hardship determination that this court does not have jurisdiction to review.  *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1618, 1622 (2022); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 891–92 (9th Cir. 2003).

Although we retain jurisdiction over colorable legal and constitutional claims, *see* 8 U.S.C. § 1252(a)(2)(D); *Patel*, 142 S. Ct. at 1623, Magana's argument that the agency made a legal error by failing to consider all relevant evidence is not supported by the record.  *See Vilchez v. Holder*, 682 F.3d 1195, 1198–1200 (9th Cir. 2012) (acknowledging jurisdictional exception but dismissing due process challenge on the merits).  As in *Vilchez*, the record here shows sufficiently that the agency considered all relevant evidence, and we lack jurisdiction to consider any other aspect of Magana's request for cancellation of removal.  We must dismiss that portion of his petition for judicial review.

**Asylum**

Magana missed the one-year filing deadline for asylum, 8 U.S.C. § 1158(a)(2)(B), and the IJ and BIA rejected his argument that circumstances in Mexico had changed recently to permit his late application.  *See* 8 U.S.C. § 1158(a)(2)(D).  We review whether substantial evidence supports the agency's decision and find that it does.  *See, e.g., Tampubolon v. Holder*, 610 F.3d 1056, 1059 (9th Cir. 2010).  Magana did not file for asylum until 2019, which was nineteen years

after he last entered the United States, twelve years after his father's murder, and eleven years after he turned eighteen years old. Much of his evidence of changed, more general circumstances predated his application by at least several years. *See Taslimi v. Holder*, 590 F.3d 981, 984 (9th Cir. 2010) ("applicant demonstrating changed circumstances must further demonstrate that the application was filed within a reasonable period given those changed circumstances" (citation and internal quotation marks omitted)). More generally, Magana's evidence of more recent criminal violence and cartels in Mexico does not compel a conclusion that circumstances had changed sufficiently to excuse his years-long delay.

**Withholding of Removal**

Magana sought withholding of removal under 8 U.S.C. § 1231(b)(3)(A) on the ground that he faces likely persecution in Mexico based on membership in four "particular social groups" and his (imputed) anti-cartel political opinion. The agency denied withholding of removal because Magana did not show a sufficient likelihood that he would be individually targeted for persecution in the future on *any* grounds. The evidence does not compel a contrary conclusion on that decisive point. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178–80 (9th Cir. 2007) (en banc); *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

The agency also concluded that none of Magana's four proposed particular social groups was cognizable. "[T]o establish that a proposed social group is

cognizable for purposes of withholding of removal, an applicant must show," among other things, "that the proposed social group is . . . 'socially distinct within the society in question,'" and we review the agency's determination on that score for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *In re M-E-V-G*, 26 I. & N. Dec. 227, 237 (BIA 2014)). First, substantial evidence supports the agency's conclusion that Magana's father's immediate family lacks social distinctiveness. Second, substantial evidence also supports the finding that the category of "Mexicans with immediate family members in the United States" lacks social distinctiveness. Third, we have rejected the cognizability of Magana's proposed group of "returnees from the United States" in the past. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010).

Fourth, Magana argues he will face persecution as a member of a group of Mexicans who oppose the cartels and because he would have an anti-cartel political opinion imputed to him. Substantial evidence supports the agency's finding that this proposed group lacks particularity and social distinctiveness, and Magana did not demonstrate that his refusal to join a cartel would be considered an anti-cartel political opinion. Magana did not show that he would face a sufficient likelihood of persecution on this ground. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031–33 (9th Cir. 2014).

**Convention Against Torture**

The IJ found that Magana is not entitled to CAT relief because he had not established that he is more likely than not to face future torture if he is removed to Mexico. *See* 8 C.F.R. § 1208.16(c)(2) (providing standard for protection from removal under CAT). The IJ considered all of Magana's testimony and country conditions evidence in reaching this finding, including Magana's assertions that he faced a risk of torture due to having a child in the United States, his father's murder, his status as a returnee from the United States, and his opposition to cartels. The BIA affirmed denial of Magana's request for protection under the CAT, noting that Magana's evidence was insufficient to establish that he personally faced a particular risk of harm. Substantial evidence supports those findings. *E.g.*, *Tamang*, 598 F.3d at 1095. Magana does not know who killed his father or why. He presents only generalized evidence of the risk of violence in Mexico, which the agency permissibly concluded was not sufficient to meet his burden. *See*, *e.g.*, *Delgado-Ortiz*, 600 F.3d at 1152.

Accordingly, we dismiss Magana's challenge to the agency's denial of cancellation of removal and deny relief on all other claims.

**PETITION DISMISSED IN PART AND DENIED IN PART.**